IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AARON LAMONT JOHNSON #190394, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:14-CV-579-MHT |
| | ) [WO] |
| | ) |
| WARDEN CHERYL PRICE, et al. | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This cause of action is before the court on an amended 28 U.S.C. § 2241 petition for writ of habeas corpus filed by Aaron Lamont Johnson ["Johnson"], a state inmate presently confined at the Donaldson Correctional Facility on a sentence of life imprisonment for capital murder.  In the amended petition, Johnson argues that he is improperly incarcerated because the Alabama Board of Pardons and Paroles "refused to consider and grant his petition for a pardon based on [his allegation of] innocence."  *Amended Petition for Writ of Habeas Corpus Relief - Court Doc. No. 5* at 6.  Johnson seeks issuance of a writ of habeas corpus requiring the parole board to consider his application for a pardon and "grant him a pardon  based on innocence" thereby effectuating his release from prison.  *Id*. at 12.

**II.  DISCUSSION**

The law is well settled that a 28 U.S.C. § 2241 petition for habeas corpus relief

which challenges the constitutionality of an inmate's current confinement must be filed in the district court in which the petitioner is incarcerated. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-495 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."); *United States v. Plain*, 748 F.2d 620, 621 (11th Cir. 1984) (same).

> The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; *see also* § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained"). The consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is "the person" with the ability to produce the prisoner's body before the habeas court. *Ibid.* We summed up the plain language of the habeas statute over 100 years ago in this way: "[T]hese provisions contemplate a proceeding against some person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." *Wales v. Whitney,* 114 U.S. 564, 574, 5 S.Ct. 1050, 29 L.Ed. 277 (1885) (emphasis added); *see also Braden v. 30th Judicial Circuit Court of Ky.,* 410 U.S. 484, 494-495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973) ("The writ of habeas corpus" acts upon "the person who holds [the detainee] in what is alleged to be unlawful custody," citing *Wales, supra,* at 574, 5 S.Ct. 1050); *Braden, supra,* at 495, 93 S.Ct. 1123 ("'[T]his writ ... is directed to ... [the] jailer,'" quoting *In re Jackson,* 15 Mich. 417, 439-440 (1867)).
>
> In accord with the statutory language and *Wales*' immediate custodian rule, longstanding practice confirms that in habeas challenges to present physical confinement--"core challenges"-- the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not ... some other remote supervisory official.

*Rumsfeld v. Padilla*, 542 U.S. 426, 434-435, 124 S.Ct. 2711, 2717-2718 (2004). The Court

reaffirmed that "in challenges to present physical confinement, ... the immediate custodian ... is the proper respondent."  542 U.S. at 439, 124 S.Ct. at 2720.

Johnson is presently incarcerated at the Donaldson Correctional Facility.  This correctional facility is located within the jurisdiction of the United States District Court for the Northern District of Alabama.  "District courts are limited to granting habeas relief 'within their respective jurisdictions.'  28 U.S.C. § 2241(a). We have interpreted this language to require 'nothing more than that the court issuing the writ have jurisdiction over the custodian.' *Braden*, 410 U.S., at 495, 93 S.Ct. 1123.... Congress added the limiting clause--'within their respective jurisdictions'-- to the habeas statute in 1867 to avert the 'inconvenient [and] potentially embarrassing' possibility that 'every judge anywhere [could] issue the Great Writ on behalf of applicants far distantly removed from the courts whereon they sat.' *Carbo v. United States,* 364 U.S. 611, 617, 81 S.Ct. 338, 5 L.Ed.2d 329 (1961). Accordingly, with respect to [§ 2241] habeas petitions 'designed to relieve an individual from oppressive confinement,' the traditional rule has always been that the Great Writ is 'issuable only in the district of confinement.' *Id*. at 618, 81 S.Ct. 338." *Rumsfeld*, 542 U.S. at 442, 124 S.Ct. at 2722.  This court therefore lacks jurisdiction to consider the habeas corpus petition filed by Johnson.  However, "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought." 28 U.S.C. § 1404(a); *see also* 28 U.S.C. § 1631 (specifically granting the federal courts power to transfer to cure a want of

jurisdiction); *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990).

Under the circumstances of this case as outlined herein, the court concludes that this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.[1]

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404(a).

It is further

ORDERED that on or before July 31, 2014 the parties may file objections to the Recommendation.  Objections must specifically identify the findings in the Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in this Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of

---

[1] The transfer of this case should not in any way be construed as a consideration of the merits of the petitioner's claims for relief.

plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to September 30, 1981.)

Done this 17th day of July, 2014.

  /s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE